UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GREGORY WARD,

               Plaintiff,                                **JURY TRIAL DEMANDED**

v.

BLACK DIAMOND MANAGEMENT, LLC, a
Florida limited liability company d/b/a MR MART,
and RAJIV GHEEWALA,

               Defendants.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, GREGORY WARD ("WARD"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, BLACK DIAMOND MANAGEMENT, LLC, a Florida limited liability company d/b/a MR MART, (hereinafter "BLACK DIAMOND"), and RAJIV GHEEWALA (hereinafter, "GHEEWALA") and states as follows:

**INTRODUCTION**

1.      This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.*

**JURISDICTION**

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the corporate Defendant, BLACK DIAMOND, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants, BLACK DIAMOND, and GHEEWALA regularly owned and

operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.     Defendants operated a gasoline station and convenience store.  Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.  This included gasoline, tools, cleaning supplies, office-type supplies, tobacco products, food/drinks, and maintenance equipment that were regularly handled by the Plaintiff, and which had been manufactured outside the State of Florida, and moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  The Defendants had at least a total of three employees also handling such materials during the Plaintiff's employment.

4.     The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

5.     The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

6.     The venue of this Court over this controversy is based upon the following:

    a.     The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

    b.     Defendants are and continue to be a company and an individual doing business within this judicial district.

## PARTIES

7.     At all times material hereto, Plaintiff, WARD was an "employee" of the Defendants within the meaning of the FLSA.

2

8.   At all times material hereto, Defendants were the employers of Plaintiff.

9.   At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

10.   At all times material hereto, the corporate Defendant, BLACK DIAMOND was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.   At all times material hereto, the work performed by Plaintiff, WARD was directly essential to the business performed by the Defendants.

12.   Plaintiff, WARD has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

13.   On or about May 28, 2019, Plaintiff, WARD began working for Defendants as a cashier and maintenance man at the Defendants' convenience store and gas station in Coral Springs, Broward County, Florida.

14.   Plaintiff, WARD's employment ended on or about September 13, 2019.

15.   Defendants paid Plaintiff, WARD an hourly wage of $10.00 per hour.

16.   During the Plaintiffs' employment with Defendants, the Plaintiff almost always worked in excess of 40 hours per week.

17.   Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

18.   Defendant, GHEEWALA was an owner and/or supervisor who was involved in the day-to-day operations of BLACK DIAMOND and/or was directly responsible for the supervision of Plaintiff during his employment.   Therefore, GHEEWALA is personally liable for the FLSA violations.

19.  Defendant, GHEEWALA was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

20.  Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21.  Plaintiff, WARD reallege Paragraphs 1 through 20 as if fully set forth herein.

22.  Plaintiff, WARD's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23.  During Plaintiff, WARD's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

24.  Plaintiff, WARD was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

25.  Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff, WARD, intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

26.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, WARD, at the statutory rate of time and one-

4

half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

27.  Defendants failed to properly disclose or apprise Plaintiff, WARD, of his rights under the FLSA.

28.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, WARD, is entitled to liquidated damages pursuant to the FLSA.

29.  Due to the willful, malicious and unlawful acts of the Defendants, Plaintiff, WARD, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30.   Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, WARD respectfully requests that judgment be entered in his favor against the Defendants:

a.   Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

b.   Awarding Plaintiff overtime compensation in the amount calculated;

c.   Awarding Plaintiff liquidated damages in the amount calculated;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding Plaintiff post-judgment interest; and

f.   Ordering any other relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

31.  Plaintiff realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

32.  Plaintiff's employment with the Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

33.  29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

34.  Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage. Indeed, Plaintiff received no compensation for his first week of employment and his last week of employment.

35.  As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.    judgment in his favor for all unpaid minimum wages due or payable;

b.    liquidated damages;

c.    attorney's fees and costs pursuant to the FLSA;

d.    post-judgment interest;

e.    declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last three years were not paid minimum wage for all hours worked as required by the Act; and

f.    all other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   October 15, 2019.

Respectfully submitted,
BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, Florida 33312
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248