UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-62560-BLOOM / Valle

GREGORY WARD,

    Plaintiff,

v.

BLACK DIAMOND MANAGEMENT, LLC, a
Florida limited liability company d/b/a MR MART,
and RAJIV GHEEWALA,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE

The Plaintiff and Defendants, through undersigned counsel, hereby respectfully request that this Court approve the Parties' FLSA Settlement Agreement, attached hereto as **Exhibit A,** Dismiss Case With Prejudice, and retain jurisdiction to enforce. The Parties state as follows:

### Procedural History and Facts

On October 15, 2019, the Plaintiff filed a Complaint (DE 1) against the Defendants alleging minimum wage/overtime violations provisions of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Amendment. On December 9, 2019, the Defendants filed their Answer and Affirmative Defenses denying all liability. Notwithstanding that the Defendants dispute the Plaintiff's entitlement to any relief under the FLSA or any other law, the Defendants have agreed to settle this case.

The settlement between the Parties, as referenced in **Exhibit A**, compensates Plaintiff for *nearly* 100% of back-wage damages, and 100% of his liquidated damages. The Plaintiff is receiving $1,600.00 under the settlement ($800 wages + $800 liquidated damages = $1,600); he

estimated being owed about $1,760.00 assuming a perfect recovery, inclusive of liquidated damages.  *See* Plaintiff's Statement of FLSA Claim (DE 7).

In addition, and separately the Settlement pays $3,000.00 towards Plaintiff's attorneys' fees and costs.  Based on the foregoing, and in the interest of judicial economy, the settlement between the Parties is fair and reasonable.

## Memorandum of Law

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' claims against Defendant.  *See, Lynn's Food Stores, Inc. v. United States,* 679 F.2d, 1350, 1354 (11th Cir. 1982). The proposed settlement arises out of an action that was adversarial in nature.   This settlement allows the Parties to move on, and avoid the risks and continuing costs and fees of litigation.  Based, on the foregoing, and due to the fact that Plaintiff is receiving nearly everything he could achieve at trial, the Court should find the Parties' Agreement fair and reasonable.

WHEREFORE, the Plaintiff and the Defendant move the Court to approve and ratify and approve the Parties' settlement, retain jurisdiction to enforce the obligations under the Settlement,[1] dismiss the Plaintiff's case with prejudice, and grant all other relief deemed appropriate.

Respectfully submitted this 12th day of March 2020 by,

By: *s/Peter Bober*  
    PETER BOBER, ESQ.  
    Florida Bar. No. 0122955  
    BOBER & BOBER, P.A.  
    *Counsel for Plaintiffs*  
    2699 Stirling Road, Suite A-304  
    Hollywood, Florida 33312  
    Tel: (954) 922-2298  
    Fax: (954) 922-5455  
    E-mail: peter@boberlaw.com

By: *s/Yasir Billoo*  
    YASIR BILLOO, ESQ.  
    Florida Bar No. 0718351  
    INTERNATIONAL LAW PARTNERS, LLP  
    *Counsel for Defendants*  
    2122 Hollywood Blvd.  
    Hollywood, FL 3320  
    Tel: (954) 374-7722  
    Fax: (954) 212-0170  
    E-mail: ybilloo@ilp.law

---

[1] The Parties request the Court retain jurisdiction to enforce settlement as a condition of settlement as the Defendants will be paying the settlement in 3 monthly installments.

# EXHIBIT A

## SETTLEMENT AGREEMENT & GENERAL RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made this 10TH day of March 2020, by and between Gregory Ward ("Plaintiff" or "Ward" or "Employee") and Rajiv Gheewala and Black Diamond Management, LLC (jointly, severally and collectively, the "Defendants" or "Employer"). Defendants shall also collectively include all past and present parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, attorneys, owners, shareholders, members, agents, partners, or employees, in both their individual and official capacities. The aforementioned Plaintiff and Defendants will be collectively referred to in this agreement as the "Parties."

## RECITALS

**WHEREAS**, on or about October 15, 2019, Plaintiff filed a lawsuit against the Defendants under the Fair Labor Standards Act, 29 U.S.C § 201-219 ("FLSA") (the "Lawsuit");

**WHEREAS**, the Defendants deny any liability toward the Plaintiff, and deny any wrongdoing whatsoever.

**WHEREAS**, for purposes of avoiding further litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to compromise, fully and finally settle, any and all actual or potential claims, that Plaintiff may have against Defendants, including but not limited to those claims raised, or which could have been raised, in the Lawsuit; and

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

Doc ID: ab244b32ab840f767885567df5eea6514e907f4c

1.  <u>Consideration</u>. In consideration of this Agreement, Employer agrees to pay a sum total of Four Thousand Six Hundred Dollars ($4,760.00) ("Total Settlement Amount"), which shall be payable and/or broken down as set forth *infra* in paragraphs 1(a)-(d).

    a.  <u>Wages and Liquidated Damages</u>. Employer will pay a total of the following amounts to Employee: $800.00 in wages and $800.00 in liquidated damages.). For all sums paid as wages herein, EMPLOYER shall make taxable withholdings at the usual and customary rate.

    b.  <u>Employee's Attorney Fees and Costs</u>. Employer will pay a total of $3,000.00 to "Bober & Bober, P.A." representing all of Employee's attorneys' fees and costs. The parties agree that an IRS Form 1099 will be issued to and executed by Employee's attorney for such amount.

    c.  <u>Tender of Settlement Monies</u>. Employer will tender the Total Settlement Amount in three (3) installments as follows:

    (a) Installment # 1, will be delivered to EMPLOYEE's counsel's office by March 31, 2020, and shall consist of <u>three</u> checks: a payment of $293.35 to Gregory Ward for wages with taxable deductions; a payment of $293.33 to Gregory Ward without deductions; and, a payment of $1,000.00 to Bober & Bober, P.A. as attorneys' fees and costs;

    (b) Installment # 2, will be delivered to EMPLOYEE's counsel's office by April 30, 2020, and shall consist of <u>three</u> checks: a payment of $293.33 to Gregory Ward for wages with taxable deductions; a payment of $293.33 to Gregory Ward without deductions; and a payment of $1,000.00 to Bober & Bober, P.A. as attorneys' fees and costs;

    (c) Installment # 3, will be delivered to EMPLOYEE's counsel's office by May 30, 2020, and shall consist of <u>three</u> checks: a payment of $293.33 to Gregory Ward for wages with

Doc ID: ab244b32ab840f767885567df5eea6514e907f4c

taxable deductions; a payment of $293.33 to Gregory Ward without deductions; and a payment of $1,000.00 to Bober & Bober, P.A. as attorneys' fees and costs;

Time is of the essence. If the EMPLOYER is untimely in delivering any installments of the Total Settlement Amount, the EMPLOYER will be provided a three (3) day grace period. If EMPLOYER fails to cure during the three (3) day period, then EMPLOYEE may file an Unopposed Motion for Entry of Self-Executing Final Judgment in the amount of $10,000.00 less any amounts paid hereunder.

3. <u>Limited Release</u>. In consideration of the payments made hereunder, Plaintiff waives and releases the Defendants from all claims arising under the Fair Labor Standards Act, *as amended*, or any other local, state or federal law governing the payment of overtime or minimum wages.

4. <u>No Admission of Liability</u>. This Release is freely entered into by all Parties, but it in no way constitutes any admission, stipulation, or resolution of any issues of law or fact by any of the Parties to this Release.

5. <u>Entire Agreement; Modification</u>. The Parties agree that this is the entire agreement and is made without reliance upon any statement or representation of any party which may not be modified except by a writing signed by all the parties to this Release. Any oral or written promises or assurances not contained in this Release are waived, abandoned, withdrawn and without legal effect. The Parties agree that this Settlement Agreement may be executed in several counterparts and that each counterpart shall be deemed an original and that said counterparts shall constitute one and the same instrument.

7. <u>Governing Law and Interpretation</u>. The language of all parts of this Release shall be construed as a whole and according to its fair meaning and not strictly for or against either party

Doc ID: ab244b32ab840f767885567df5eea6514e907f4c

and it is expressly understood and agreed that this Release shall be governed by and shall be construed in accordance with the laws of the State of Florida without regard to its conflict of laws provisions, and that any rule requiring construction of a document against its drafter shall not be applied in this case.

8. <u>Remedies for Breach</u>. The parties agree that the U.S. District Court shall retain jurisdiction of Employee's case.

9. <u>Severability</u>. If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, and cannot be modified to be enforceable, excluding the general release language in paragraph 3, such provision shall immediately become null and void, leaving the remainder of this Release in full force and effect.

12. <u>Court Approval</u>. The Parties agree to submit this Agreement to the Court for approval within 7 days of execution by all parties of this Agreement and will stipulate to the Court that the payments made hereunder are in full satisfaction of any and all claims for made by Employee and satisfies all the requirements of <u>Lynn's Foods</u>.

13 <u>Timing of Execution of Agreement by all Parties.</u> This agreement becomes valid upon execution by all parties.

HAVING ELECTED TO SIGN THIS RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN CONSIDERATION, THE PARTIES ENTER INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER.

FOR PLAINTIFF:

*/s/ Y. Ward*

**GREGORY WARD**

Date: 03 / 11 / 2020

FOR EMPLOYERS:

*/s/ Rajiv Gheewala*

**RAJIV GHEEWALA**

Date: March 10th, 2020

4

Doc ID: ab244b32ab840f767885567df5eea6514e907f4c

_____
**Black Diamond Management, LLC**

Date: MARCH 10, 2020

Doc ID: ab244b32ab840f767885567df5eea6514e907f4c